Filed 4/5/21  P. v. Banada CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROMAN EDUARDOVIC BANADA,<br><br>Defendant and Appellant. | C091492<br><br>(Super. Ct. No. 19FE003264) |

Appointed counsel for defendant Roman Eduardovic Banada has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal that might result in a more favorable outcome for defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Around 10:00 p.m. on December 4, 2018, defendant drove to a residential neighborhood, turned off the car's headlights, got out of the car while it was running, and inspected several vehicles, including a truck parked in a driveway. When a teenage male who was waiting for a friend in front of the house told defendant to "get off [the] property," defendant lunged toward the teenager, who retreated inside and alerted the home's other residents, including two older males.

The three males left the home in the truck that was parked in the driveway, looking for defendant's car to get the license plate number. They found the car (with defendant and his female acquaintance inside) parked in a nearby supermarket parking lot, the front end of the car facing out. They stopped the truck (partially blocking one of defendant's possible paths of egress) and got out, moving toward defendant's car.

A supermarket employee who was in the parking lot testified that after the men who exited the truck yelled and banged on defendant's car, the car began to move forward slowly, as if warning the men to get out of the way. Then the car accelerated, hitting the teenage victim and driving over him, apparently on purpose.

A second supermarket employee testified it appeared the men who exited the truck were trying to get the driver out of the car and yelling profanity, but they did not touch the car. She said the car did not move slowly, but "peeled out" of its parking space, hitting the teenager, apparently intentionally.

The teenager suffered multiple broken bones and was hospitalized for five days after more than one surgery for his injuries.

Defendant's acquaintance who was in the passenger seat of the car testified at trial that she was startled and frightened when three angry looking men got out of a truck and ran toward defendant's car while yelling and touching the car. At the time, she did not realize the car struck anyone in the parking lot when defendant drove away.

2

In December 2019, the Sacramento County District Attorney filed an amended information charging defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count one) and felony hit and run (Veh. Code, § 20001, subd. (b)(2); count two). Count one included the allegations that defendant inflicted great bodily injury (GBI) upon the teenager in the commission of the offense (§ 12022.7, subd. (a)) constituting a "serious felony" (§ 1192.7, subd. (c)(8)).

Defendant presented a self-defense theory to the jury, which found him guilty of both crimes and found true the GBI allegation.

In January 2020, the trial court imposed a sentence of six years in state prison, consisting of three years (the middle term) for count one, plus three years for the GBI enhancement. The trial court imposed a concurrent term of three years for count two, calculated 370 days of credit, and imposed various costs.

Defendant filed a timely notice of appeal in February 2020.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Further undesignated statutory references are to the Penal Code.

3

DISPOSITION

The judgment is affirmed.

      KRAUSE      , J.

We concur:

      MURRAY      , Acting P. J.

      DUARTE      , J.